

Office of the Attorney General · State of Texas

JOHN CORNYN

June 21, 2000

The Honorable Susan D. Reed
Bexar County Criminal District Attorney
Bexar County Justice Center
300 Dolorosa, Fifth Floor
San Antonio, Texas 78205-3030

Opinion No. JC-0231

Re: Whether the county tax assessor-collector or the county treasurer may electronically transfer tax funds from the tax assessor-collector's account to the appropriate county fund (RQ-0162-JC)

Dear Ms. Reed:

You request an opinion from this office addressing the following question:

> If tax revenues received by the county tax assessor-collector are deposited in the tax assessor-collector's account with the county depository preceding transfer of the funds to the proper county fund at the county depository, which county officer is the proper party to initiate the electronic transfer of funds?

Letter from Susan B. Reed, Bexar County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General, at 1 (Dec. 8, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. You ask only about the county tax revenues, and you believe that they may be electronically transferred to the proper county fund by the county tax assessor-collector or the county treasurer pursuant to the tax assessor-collector's authority under section 113.007 of the Local Government Code or section 2256.051 of the Government Code. *Id.* at 2. We conclude that while no statute expressly authorizes electronic transfer of the county tax revenues from the county tax assessor-collector's account to the county treasury, such authority may be implied. We also conclude that only the county tax assessor-collector is authorized to initiate electronic transfer of the funds.

To provide a context for your question, we first review the statutory provisions regarding the county tax assessor-collector's duty to deposit and transfer county tax revenues. The county tax assessor-collector is primarily responsible for the assessment and collection of county property taxes, but may have the duty of performing these functions for other taxing units, such as a city, a school district, or a special district. TEX. TAX CODE ANN. § 6.23 (Vernon 1992); TEX. LOC. GOV'T CODE ANN. § 116.113 (Vernon 1999); *see generally* DAVID B. BROOKS, 35 TEXAS PRACTICE: COUNTY

AND SPECIAL DISTRICT LAW § 13.5 (1989 & Supp. 1999) (discussing duties of county tax assessor-collector). Section 116.113(b) of the Local Government Code requires the tax assessor-collector to deposit taxes collected for other taxing units, as well as the county, in the county depository: "A county tax assessor-collector shall immediately deposit in the county depository taxes collected on behalf of the state, the county, or a district or municipal subdivision . . . . The taxes remain on deposit pending the preparation and settlement of the assessor-collector's report on the tax collections." TEX. LOC. GOV'T CODE ANN. § 116.113(b) (Vernon 1999); *see* Tex. Att'y Gen. Op. No. JM-1263 (1990) at 3-5 (not all funds collected by tax assessor-collector and placed in county depository belong to county). Section 113.021(a) of the Local Government Code, which generally provides that funds belonging to a county shall be deposited with the county treasurer by the officer who collects them, specifies that the "county tax assessor-collector must deposit the money in accordance with the procedures prescribed by or under the Tax Code and other laws." TEX. LOC. GOV'T CODE ANN. § 113.021(a) (Vernon 1999). Section 31.10 of the Tax Code, dealing with taxes collected by the county tax assessor-collector on behalf of all taxing units, requires the tax assessor-collector to prepare and submit monthly reports and deposit in the taxing "unit's depository all taxes collected for the unit" at least monthly. TEX. TAX CODE ANN. § 31.10(a), (c) (Vernon 1992). Under the foregoing provisions, this office has opined, *county* taxes collected by the tax assessor-collector are to be deposited in the county depository pending their transfer to the county treasurer. Tex. Att'y Gen. Op. No. H-1181 (1978); *see also* Tex. Att'y Gen. LO-96-074, at 3.

We understand you to ask (1) whether the tax monies belonging to the county in the tax assessor-collector's account at the county depository may be transferred electronically to the county treasury, *i.e.*, to the appropriate county funds under the treasurer's control; and (2) who may initiate the electronic transfer.

No provision expressly authorizes electronic transfer of the county tax funds from the tax assessor-collector's account to the county treasury. Such transfer authority, however, may be implied. In Attorney General Opinion JM-773, this office considered whether an independent school district was authorized to use an electronic funds transfer system absent specific statutory authority to do so and concluded that it was "within the discretion of the [school board of] trustees to adopt such a system if it is reasonably necessary to the operation of the school district." Tex. Att'y Gen. Op. No. JM-773 (1987) at 2. The opinion reasons that "by failing to specify how employees are to be paid, the legislature left it to the discretion of school boards to determine how to make such payments." *Id.* at 3; *cf.* Tex. Att'y Gen. Op. No. MW-213 (1980) (Comptroller of Public Accounts may not issue pay "warrants" by magnetic tape transfer in light of specific statutory requirement regarding payment "warrants"). Similarly, in Attorney General Opinion JM-66, this office considered whether the state treasurer was authorized to use a wire transfer system to remit and collect funds within the state treasury absent specific statutory authority to do so and concluded in the affirmative. *See* Tex. Att'y Gen. Op. No. JM-66 (1983). No provision addressed the movement of funds within the state treasury, *id.* at 1, and because the funds would be transferred *within* the state treasury, no constitutional or statutory provisions regarding withdrawal of funds from the treasury were implicated by the wire transfer, *id.* at 2. Accordingly, use of a wire transfer system within the treasury was controlled only by the statutory provision regarding remittances to the treasurer

specifying certain ways in which the remittances could be made. *Id.* The remittance provision, however, was permissive rather than exclusive: it allowed remittance by the enumerated methods, but did "not limit the treasurer to the stated methods of collection" or prohibit other methods. *Id.* As reflected in these opinions, the authority to transfer funds electronically may be implied absent specific requirements governing the mode of transfer.

No provision specifically governs the mode of transfer of county tax funds from the tax assessor-collector's account in the county depository to the county treasury. Rather, such transfers are governed by section 113.023 of the Local Government Code, dealing with deposits made to the county treasury generally. *See* Tex. Att'y Gen. Op. No. H-183 (1973) at 4 (when tax funds are transferred to county treasurer, deposit must be made on deposit warrant). Subsection (a) provides that:

> Except as provided by Subsection (c), each deposit made in the county treasury must be made on a deposit warrant issued in triplicate by the county clerk. The deposit warrant authorizes the county treasurer to receive the amount stated in the warrant. The warrant must state the purpose for which the amount is received and the fund to which it is to be applied.

TEX. LOC. GOV'T CODE ANN. § 113.023(a) (Vernon 1999). Subsection (b) directs the treasurer to keep the original warrant, the duplicate to be signed and returned to the county clerk or, if the county has a county auditor, the county auditor, and the triplicate to be signed and returned to the depositor. *Id.* § 113.023(b). It also provides that the "treasurer may receive money only through this procedure except as provided by Subsection (c)." *Id.* Subsection (c) relieves the county clerk in a county with more than 1.2 million inhabitants of any duties regarding deposit warrants and authorizes the commissioners court in any other county that has a county auditor to relieve the county clerk of those duties. *Id.* § 113.023(c). If the county clerk is so relieved, the treasurer is directed to receive all deposits and prepare a receipt in triplicate for the money received and the county auditor is directed to prescribe a system consistent with subsection (c) to be used by the county treasurer for receiving and depositing money. *Id.*

We presume subsections (a) and (b) of section 113.023 apply here. Although Bexar County currently has an estimated population in excess of 1.2 million inhabitants, it did not have the requisite population in 1990. *See* 1 BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 1990 CENSUS OF POPULATION: General Population Characteristics: Texas 1 (1992) (Bexar County population shown to be 1,185,394). Therefore, it is not subject to the procedures of subsection (c) of section 113.023. *See* TEX. GOV'T CODE ANN. § 311.005(3) (Vernon 1998) ("'Population' means the population shown by the most recent federal decennial census."). And given your request, we presume that the Bexar County Auditor has not otherwise under subsection (c) prescribed a system to be used by the Bexar County Treasurer for receiving and depositing money.

While subsections (a) and (b) of section 113.023 require any transfer of funds to the county treasurer to be made on a deposit warrant, Tex. Att'y Gen. Op. No. H-183 (1973) at 4, they do not specify *how* the transfer itself is to be made. By failing to specify, these subsections give depositors the discretion to transfer funds for deposit in the county treasury by reasonable methods and the county treasurer the discretion to accept transfers made by reasonable methods. *See* Tex. Att'y Gen. Op. Nos. JM-773 (1987) at 2, JM-66 (1983) at 2. Electronic transfer of funds is clearly a reasonable method of transferring funds. *See* Tex. Att'y Gen. Op. No. JM-773 (1987) at 3 (legislative history suggests legislature considers electronic funds transfer system to be reasonable system of payment). Accordingly, we conclude that county tax funds may be electronically transferred from the tax assessor-collector's account to the county treasury.

As to who may initiate the electronic transfer, we conclude that the tax assessor-collector is authorized to initiate the electronic transfer from the tax assessor-collector's account in the county depository to the county treasury based on the statutory scheme. We also conclude that only the tax assessor-collector is authorized to initiate the electronic transfer. The tax assessor-collector is required to deposit the taxes collected by that officer in the county depository and controls those funds pending their transfer to the appropriate taxing unit, including the county. TEX. LOC. GOV'T CODE ANN. § 116.113(b) (Vernon 1999); TEX. TAX CODE ANN. § 31.10(a) (Vernon 1992). The tax assessor-collector is the officer required to transfer the county tax funds to the county treasurer. TEX. LOC. GOV'T CODE ANN. § 113.021(a) (Vernon 1999); TEX. TAX CODE ANN. § 31.10(a) (Vernon 1992). Under section 113.023 of the Local Government Code, the tax assessor-collector is necessarily the depositor of the funds. It follows that the tax assessor-collector is authorized to initiate the electronic transfer to make the deposit.

The county treasurer is not authorized to initiate the electronic transfer because that officer neither controls the tax funds in the tax assessor-collector's account nor has authority to transfer the funds from the tax assessor-collector's account. We do not believe that the deposit warrant under section 113.023 of the Local Government Code provides transfer authority with respect to the county tax funds. The section 113.023 deposit warrant simply authorizes the county treasurer to *receive* the *transferred* county tax funds and apply them to the appropriate county fund: "The deposit warrant authorizes the county treasurer to receive the amount stated in the warrant. The warrant must state the purpose for which the amount is received and the fund to which it is to be applied." TEX. LOC. GOV'T CODE ANN. § 113.023(a) (Vernon 1999).

Finally, we note that you appear to rely on section 113.007 of the Local Government Code[1] or section 2256.051 of the Government Code,[2] as the basis for the tax assessor-collector's authority to transfer funds by electronic means. This office has previously determined that section 113.007 of the Local Government Code, while still on the books, has been repealed. *See* Act of May 18, 1995, 74th Leg., R.S., ch. 402, §§ 5, 6, 1995 Tex. Gen. Laws 2958, 2970 (repealing legislation enacting the substance of section 113.007 and providing that chapter 402 controls over conflicting provision of legislation codifying that substance at section 113.007); Tex. Att'y Gen. LO-96-023, at 2-3 (concluding that section 113.007 is repealed). Section 2256.051 of the Government Code governs the transfer of funds from a public entity for investment in authorized securities. In contrast, the present situation involves a transfer from the tax assessor-collector's account *to* the county treasury (and within the county depository). Furthermore, although we do not believe that section 113.007 of the Local Government Code and section 2256.051 of the Government Code are relevant to the question you pose, we do not interpret their enactment expressly authorizing electronic transfer of funds to mean that electronic transfer may not be used to transfer monies to the county treasury unless it is specifically authorized. These explicit statutory authorizations may have been necessary to allow payment by electronic transfer given the general requirement that no money may be expended or withdrawn from the county treasury except by check or warrant. *See* TEX. LOC. GOV'T CODE ANN. § 113.041 (Vernon Supp. 2000); *id.* ch. 156 (Vernon 1999) (county may establish electronic funds transfer system to make authorized transfers *from* county treasury); Tex. Att'y Gen. Op. No. JM-773 (1987) at 4 (predecessor to chapter 156 of the Local Government Code authorizing *county to use electronic transfer system may have been necessary because of requirement that counties expend monies by "check or warrant"*).

---

[1]Section 113.007 provides that "[a] county tax assessor-collector may use electronic means to transfer or invest ad valorem taxes collected on behalf of the county or under a contract with another taxing unit." TEX. LOC. GOV'T CODE ANN. § 113.007 (Vernon 1999). *But see* Act of May 18, 1995, 74th Leg., R.S., ch. 402, §§ 5, 6, 1995 Tex. Gen. Laws 2958, 2970 (repealing legislation enacting the substance of section 113.007 and providing that chapter 402 controls over conflicting provision of legislation codifying that substance at section 113.007); Tex. Att'y Gen. LO-96-023, at 2-3 (concluding that section 113.007 is repealed).

[2]Section 2256.051 provides as follows: "Any local government may use electronic means to transfer or invest all funds collected or controlled by the local government." TEX. GOV'T CODE ANN. § 2256.051 (Vernon 2000).

### S U M M A R Y

County tax funds may be electronically transferred from the county tax assessor-collector's account in the county depository to the county treasury. Only the county tax assessor-collector is authorized to initiate electronic transfer of the funds.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General - Opinion Committee